IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

JOHNNY EVANS                                                                 PLAINTIFF

      v.                         Civil No. 1:07-cv-01035

RICKY ROBERTS, Chief,
El Dorado Police Department;
and LT. JIM WADE, El Dorado
Police Department                                                DEFENDANTS

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

The Plaintiff, Johnny Evans, (hereinafter "Evans" or "Plaintiff"), filed this civil rights action pursuant to 42 U.S.C. § 1983. He proceeds *pro se* and *in forma pauperis*. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2007), the Honorable Harry F. Barnes, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation.

Evans contends his Fourth Amendment rights were violated when the Defendants executed a search warrant at a private residence located at 2618 North College Avenue in El Dorado, Arkansas. Evans is currently incarcerated in the Arkansas Department of Correction. At the time of the search, he was incarcerated at the Union County Jail.

Defendants filed a motion for summary judgment (Doc. 15). To assist Evans in responding to the summary judgment motion, I propounded a questionnaire (Doc. 19). Evans filed a timely response to the questionnaire (Doc. 20). However, in his response he stated he had not been provided with the exhibits in support of Defendants' summary judgment motion. Accordingly, I entered an order (Doc. 21), directing Defendants to provide Evans with copies of their exhibits. Evans was then given additional time to file a supplemental response to the summary judgment

motion. Evans' filed a supplemental response (Doc. 22) and also an affidavit in support of his response (Doc. 23). The summary judgment motion is now ready for decision.

## 1. Background

On October 18, 2006, the District Court Judge for the City of El Dorado, George Van Hook, Jr., issued a search warrant for the residence located at 2618 North College Avenue, El Dorado, Arkansas. *Defendants' Exhibit* A and *Defendants' Exhibit* B (hereinafter *Defts' Ex.*). Evans' Mother, Shirley Evans, and Lavelle Evans, his brother, were residing at the property. *Defts' Ex.* A; *Addendum* (Doc. 8) at ¶ 3. The search warrant was executed on either October 18th or October 19th. *Defts' Ex.* D at ¶ 5; *Supplemental Response* (Doc. 22)(hereinafter *Supp. Resp.*) at ¶ 6. Evans maintains many of the items seized belonged to him. *Supp. Resp.* at pages 10-11.

According to Evans, the residence was his permanent residence and the home of Lavelle Evans and Shirley Evans. *Supp. Resp.* at ¶ 2. Evans had not lived at the property since June of 2005. *Id.* at ¶ 3. He had been incarcerated at the Union County Jail. *Id.* at ¶ 4. Evans is currently serving a seventy-six year sentence for weapon and drug charges. *Id.* at ¶ 5.

Evans indicated he had a room at the house. *Supp. Resp.* at ¶ 12. He last used the room at the house in 2005. *Id.* However, he maintains most of the contents of the room belonged to him. *Id.* He indicates other people (females) had from time to time used the room. *Id.* Evans indicates his wife, Felicia, had "constant, undenied access to the room." *Id.* He did not pay any money for the right to use the room. *Id.*

Chief Ricky Roberts, of the City of El Dorado Police Department, did not participate in the search of the residence. *Defts' Ex.* C at ¶ 4; *Supp. Resp.* at ¶ 8. Jim Wade, of the City of El Dorado Police Department, assisted in the execution of the search warrant on the house but did not seize any

items during the search. *Defts' Ex.* D at ¶ 5 & ¶ 7; *Supp. Resp.* at ¶ 9 (without knowledge to agree or disagree but then stating Jim Wade participated in the execution of the warrant). Wade did not participate in the search of Evans' Ford Ranger. *Defts' Ex.* D at ¶ 8; *Supp. Resp.* at ¶ 10 (without knowledge ro agree or disagree but noting Wade knew the Ford Ranger was his). According to Wade, the Union County Sheriff's Department seized any and all items from the residence. *Defts' Ex.* D at ¶ 7. However, Evans notes the majority of his property that was seized is listed on a receipt of the El Dorado Police Department with Wade listed as the receiving officer. *Supp. Resp.* at ¶ 11.

Evans points out that in 2004 Wade arrested him for allegedly using the Ford Ranger to commit a crime. *Supp. Resp.* at page 10. Evans points out that every arrest report on him since 1996 by the El Dorado Police Department shows 2618 North College Avenue as his residence. *Id.* at page 11. In support, Evans attaches various documents showing his address as 2618 North College Avenue including an Arkansas State Police investigation report and copies of bills. *Supp. Resp.*, Exhibits C, D, F, G, H, I, J. Some of these documents are dated prior to the date of the search and some after the date of the search.

Evans also offers the declaration of his Mother, Shirley Ann Evans, in support of his summary judgment response. (Doc. 23). In her declaration, she states her son, Johnny Evans, lived with her as "a permanent residence" at 2618 N. College Avenue, El Dorado, Arkansas. *Id.* She states there had been search warrants "for him" between 1998 and 2000 and that he had paroled out in 2004 to her residence. *Id.* She asserts his room had the same furniture in it since 1996. *Id.* She states this was known to the El Dorado Police Department and the Union County Sheriff's Office. *Id.*

## 2. Summary Judgment Standard

Summary judgment is appropriate if, after viewing the facts and all reasonable inferences in the light most favorable to the nonmoving party, *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986), the record "show[s] that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). "Once a party moving for summary judgment has made a sufficient showing, the burden rests with the non-moving party to set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists." *National Bank of Commerce v. Dow Chemical Co.*, 165 F.3d 602, 607 (8th Cir. 1999).

The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586. "They must show there is sufficient evidence to support a jury verdict in their favor." *National Bank*, 165 F.3d at 607 (*citing Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986)). "A case founded on speculation or suspicion is insufficient to survive a motion for summary judgment." *Id.* (*citing Metge v. Baehler*, 762 F.2d 621, 625 (8th Cir. 1985)).

## 3. Arguments of the Parties

Defendants first maintain Evans does not have standing to challenge the search. Second, they maintain he has failed to state a claim upon which relief may be granted. Third, they maintain Evans cannot establish that the City of El Dorado's policies led to the alleged violation. Absent such proof, they maintain they are entitled to summary judgment.

Evans contends his name and property were not mentioned in the search warrant. As such, he maintains his room was improperly searched. He contends there was no probable cause to believe he had committed a crime.

### 4. Discussion

The "Fourth Amendment proscribes all unreasonable searches and seizures." *Horton v. California*, 496 U.S. 133 n.4, 110 S. Ct. 2301, 110 L. Ed. 2d 112 (1990)(citations omitted). Fourth Amendment rights are personal rights that may not be asserted vicariously. *See Rakas v. Illinois*, 439 U.S. 128, 133-34, 99 S. Ct. 421, 58 L. Ed. 2d 387 (1978). "An individual asserting Fourth Amendment rights 'must demonstrate that he personally has an expectation of privacy in the place searched, and that his expectation is reasonable.'" *United States v. Barragan*, 379 F.3d 524, 529 (8th Cir. 2004)(*quoting Minnesota v. Carter*, 525 U.S. 83, 88, 119 S. Ct. 469, 142 L. Ed. 2d 373 (1998)).

Whether an individual has a reasonable expectation of privacy in the place to be searched depends upon factors such as whether he has the ability to control or exclude others' use of the place. *See e.g., United States v. Esquivias*, 416 F.3d 696, 702 (8th Cir. 2005). I do not believe Evans had a reasonable expectation of privacy in the home at 2618 North College at the time the search was conducted. He was not living at the property at the time, October 19, 2006, and had not been living there since June of 2005. He had no right to control access to the property. Because Evans had no reasonable expectation of privacy in the house at 2618 North College in October of 2006, the search did not violate his constitutional rights. *See Rakas v. Illinois*, 439 U.S. 128, 134, 99 S. Ct. 421, 58 L. Ed. 2d 387 (1978)(holding that a "person who is aggrieved by an illegal search and seizure only through the introduction of damaging evidence secured by a search of a third person's premises . . . has not had any of his Fourth Amendment rights infringed.").

Even assuming Evans has standing to challenge the legality of the search of the house, I find the Defendants are entitled to summary judgment. First, with respect to Chief Roberts, he did not participate in the search of the house. *Supp. Resp.* at ¶ 8. Roberts' affidavit was not used to obtain the search warrant. *See Defts' Ex.* B. Furthermore, Evans has failed to allege any basis on which Roberts can be held liable as a supervisor. Thus, there is no basis on which Roberts can be held liable for an alleged unconstitutional search and seizure. *See e.g., Clemmons v. Armontrout*, 477 F.3d 962, 967 (8th Cir. 2007)("To establish personal liability of the supervisory defendants, [the plaintiff] must allege specific facts of personal involvement in, or direct responsibility for, a deprivation of his constitutional rights."); *Ottman v. City of Independence*, 341 F.3d 751, 761 (8th Cir. 2003)(supervisory liability under § 1983 occurs when supervisor is personally involved or when supervisor's corrective inaction constitutes deliberate indifference); *Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985)(§ 1983 liability requires personal involvement in or direct responsibility for actions resulting in violation).

Second, with respect to any claim against Wade, Evans does not contend the search warrant on the house was not validly issued. In filing an addendum to his complaint Evans was asked if he contended the search warrant was not validly issued by a judge. *Addendum* (Doc. 8) at ¶ 6. He responded: "No." *Id.* In responding to the summary judgment motion, Evans states that he believes the warrant may have been "back dated" with the date and time it was issued. *Supp. Resp.* at ¶ 1 & ¶ 7. However, Defendants submitted an affidavit from the issuing Judge stating the warrant was issued on October 18, 2006, at 10:35 p.m. Evans does not otherwise challenge the validity of the search warrant.

Nothing in the record suggests Wade was personally involved in obtaining the search warrant. Nor does Evans challenge Wade's assertion that he did not seize any items from the house. *Defts' Ex.* D at ¶ 6; *Supp. Resp.* at ¶ 9 (without knowledge to agree or disagree). Evans does not suggest the alleged constitutional violation resulted from the application of a custom or policy of the City of El Dorado. In short, there is simply no basis on which the Defendants can be held liable.

### 5. Conclusion

For the reasons stated, I recommend that the motion for summary judgment (Doc. 15) be granted and this case be dismissed.

**The parties have ten days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this 22nd **day of August 2008.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE