IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION


JOHNNY EVANS                                                                                   PLAINTIFF


V.                                        CASE NO. 07-CV-1035


RICKY ROBERTS, Chief,
El Dorado Police Department;
and LT. JIM WADE, El Dorado
Police Department                                                                        DEFENDANTS



**ORDER**

Before the Court is the Report and Recommendation filed August 22, 2008, by the

Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas.

(Doc. 24).  Judge Bryant recommends that Defendants' motion for summary judgment be granted

and that the case be dismissed.  Plaintiff has responded with timely objections.  (Doc. 26).  After

reviewing the record *de novo*, the Court adopts Judge Bryant's Report and Recommendation

(Doc. 24) as its own.

On either October 18 or 19, 2006, a search warrant was executed at 2618 North College

Avenue in El Dorado, Arkansas.  At the time of the search, Evans's mother and brother were

residing at the property.  Evans was incarcerated at the Union County Jail when the search

warrant was executed.  Evans maintains that many of the items seized at this property belong to

him.  In his objections to the Report and Recommendation, Evans states that he "has a reasonable

expectation of privacy" at the residence located at 2618 North College because this is his

permanent residence.  (Doc. 26, page 3).  However, Evans had not lived at the property since June 2005, when he became incarcerated.  Evans is now serving a seventy-six year sentence for weapon and drug charges.

Upon review, the Court agrees with Judge Bryant that, at the time the search was conducted,  Evans did not have a reasonable expectation of privacy in the residence located at 2618 North College.(Doc. 24, pg. 5).  Judge Bryant correctly noted in his Report and Recommendation that "an individual asserting Fourth Amendment rights 'must demonstrate that he personally has an expectation of privacy in the place searched, and that his expectation is reasonable.'"  *U.S. v. Barragan*, 379 F.3d 524, 529 (8th Cir. 2004) (quoting *Minnesota v. Carter*, 525 U.S. 83, 88, 119 S. Ct. 469 (1998)).   Whether an individual has a reasonable expectation of privacy in the place to be searched depends on whether he has the ability to control or exclude the use of the place by others.  *See e.g., U.S. v. Esquivias*, 416 F.3d 696, 702 (8th Cir. 2005).  Here, Evans was not living at the property on October 19, 2006, the day of the search, and had not been living there since June 2005.  Evans had no right to control access to the property. Because Evans had no reasonable expectation of privacy in the house located at 2618 North College on October 19, 2006, the search did not violate his constitutional rights.  *See Rakas v. Illinois*, 439 U.S. 128, 134, 99 S. Ct. 421 (1978).

Even assuming Evans has standing to challenge the legality of the search of the property, Defendants are entitled to summary judgment for other reasons.  Evans has failed to allege any basis by which Chief Roberts could be held liable as a supervisor.  *See Clemmons v. Armontrout*, 477 F.3d 962, 967 (8th Cir. 2007).  Moreover, Evans does not credibly challenge the validity of

the search warrant or the fact that Lt. Wade was not personally involved in obtaining the search warrant.  Thus, there is no basis on which the Defendants could be held liable.

     For reasons stated herein and above, as well as those contained in Judge Bryant's Report and Recommendation (Doc. 24), Defendants' Motion for Summary Judgment is **GRANTED** and Plaintiff Evans's claims against Defendants are **DISMISSED WITH PREJUDICE**.

     **IT IS SO ORDERED**, this 11th day of September, 2008.

                              /s/ Harry F. Barnes
                              Hon. Harry F. Barnes
                              United States District Judge